BENIGNO DÍAZ PÉREZ, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 741. Submitted February 13, 1929.—Decided December 16, 1929.

*Antonio L. López* and *Andrés Mena,* for appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

We gave a decision in the present administrative appeal on January 18th of the current year affirming the ruling of the registrar as to that portion thereof appealed from; but we were moved to reconsider our decision, among other grounds, because the name of the execution creditor had been erroneously stated therein. That mistake existed and we entertained the motion, which up to the present has not been decided, because, in the meantime, one of the questions involved in this administrative appeal was raised in another case, to which we shall refer later.

Pedro Orcasitas Muñoz brought mortgage foreclosure proceedings against Miguel A. Martin Noya, and at a public auction held in pursuance of those proceedings the mortgaged property was sold to Benigno Díaz Pérez, who presented his deed of sale for record in the registry. The registrar refused to record that instrument on the ground that the property appeared recorded in the name of Juan Rodríguez Naranjo, who was not a party to the said proceedings, nor had been served with a formal demand of payment. The present administrative appeal has been taken from that ruling of the registrar.

As at the time the conveyance to appellant was presented for record the property appeared recorded in the registry in the name of Juan Rodríguez Naranjo, a person other than the defendant in the foreclosure proceedings, the registrar was right in refusing the record. Section 20 of the Mortgage Law provides that, in order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made, must first appear of record; and, further, that if such interest is recorded in favor of a person other than the one making the conveyance

or placing the encumbrance, the registrar shall deny the record requested.

The other question, which refers to what must be done where the mortgaged property is sold by the debtor to a third person during the pendency of the foreclosure proceedings against such debtor, has been considered and decided by us in the case of *Arroyo* v. *Zavala, ante,* p. 257, which is applicable to the present case, because it does not appear herein that payment had been demanded from the person who purchased under the above stated circumstances.

The decision appealed from must be affirmed.

Mr. Justice Hutchison concurs in the decision.